PETER BANTA'S EXRS. ET AL. *v.* JAMES TERRY ET AL.

[Kentucky Law Reporter, Vol. 2—202.]

### Setting Aside Fraudulent Conveyance.

Where a man over seventy years of age owns real estate subject to the life estate of another man in good health and only thirty-seven years of age, and the whole title is worth not over $3,000, a conveyance made in good faith to the owner of the life estate for $700 will not be deemed fraudulent or set aside, especially since at the time of the conveyance lawyers differed as to whether the grantor had any title to convey.

APPEAL FROM BATH COURT OF COMMON PLEAS.

February 12, 1881.

OPINION BY JUDGE HINES:

It appears to us very clear that the deed of Thompson to Bell and wife operated to give the husband and wife a joint interest in the land embraced in the deed; that at the death of Mrs. Bell her interest descended to her daughter, and that, the daughter dying in infancy, the grandfather, James Terry, took the daughter's interest.

The only remaining question of any moment is as to whether the conveyance by James Terry to William Bell was fraudulent. The record develops the fact that William Bell, who has an estate for life by the curtesy, was only thirty-seven years of age, that Terry at the time of the conveyance was over seventy years of age, and financially embarrassed. It also appears that, prior to the institution of this suit, an action was brought to subject the interest of Terry to the payment of a certain debt due by him; that Bell and Terry, in good faith, and for the purpose of ascertaining what right, if any, Terry had to the property, consulted the best legal talent within their reach; that some of the attorneys consulted gave the opinion that Terry had no title, while others decided that he did; and under these circumstances Bell agreed, in consideration of a conveyance of such interest as Terry might have, to pay off the claim thus asserted, amounting to over $700. Bell paid the money and took the conveyance sought to be set aside. The evidence showed that the interest of Terry in the land, the life estate of Bell being out of the way and no cloud on the title, was worth about $3,000 or more; but when the age of the life-tenant is considered, and the doubtfulness of Terry's claim, as advised by counsel, it appears to us that the small amount paid by Bell for such an interest does not evidence fraud. It is doubtful, considering all these facts, whether a creditor could have realized more from the interest of Terry than was paid by Bell.

The third assignment of error, which complains of the failure of the court to give personal judgment against Terry, is not good, if for no other reason, because the court below only disposed of so much of the case as attempts to set aside the conveyance from Terry to Bell. Judgment *affirmed.*

Judge Hargis not sitting.

*Ross & Kennedy, for appellants.*

*Reid & Young, Reid & Stone, Hargis & Norvell, for appellees.*

[Cited, *Turner's Trustee v. Washburn,* 25 Ky. L. 2198.]